This proceeding was transferred to this court by Special Term, pursuant to subdivision 6 of section 1296 of the Civil Practice Act, to ascertain whether the Zoning Board of Appeals of the Town of Ramapo, in granting a variance, had before it any competent proof of the necessary fact of practical difficulty and undue hardship. Determination of the Zoning Board of Appeals granting the appeal of Minnie Rome from a decision of the Town Building Inspector refusing a permit, and granting her application for a variance permitting the erection and maintenance of a dam across a brook located at the easterly boundary of her property, for the purpose of impounding the brook’s waters in a pond fifty feet wide and two hundred feet long, annulled, without costs, the permit cancelled, and the proceeding remitted to the Zoning Board of Appeals for- rehearing and, upon such rehearing, to make such determination as may be justified. There is no showing in the present record of practical difficulties or undue hardship. Nor does the record show that the board acted upon the assumption that the use permitted was one of the “usual accessories” of the property in an O-l residence zone. Moreover, the record does not clearly disclose whether the board acted upon the assumption that the application before it was simply an application for a variance. The basis upon which the board acted should clearly appear. {People ex rel. Fordham M. B. Church v. Walsh, 244 N. Y. 280; Securities & Exchange Comm. v. Ghenery Corp., 332 TJ. S. 194.) Hagarty, Acting P. J., Carswell, Johnston and Adel, JJ., concur. Nolan, J., not voting.